[No. 1534. Decided April 16, 1895.]

AMERICAN BUILDING AND LOAN ASSOCIATION, *Appellant,*
v. THE FARMERS INSURANCE COMPANY, *Respondent
and Cross-Appellant.*

INSURANCE — ACTION ON POLICY — LIMITATIONS — EFFECT ON MORTGAGEE
— JUDGMENT — CONFINED TO ISSUES PRESENTED.

A condition in a policy of fire insurance limiting the right of action thereon to a period of twelve months after the date of the fire causing a loss, is applicable to the mortgagee as well as to the assured, when the mortgage clause endorsed on the policy as a contract between the insurer and the mortgagee does not expressly abrogate the stipulation of the policy concerning the time in which an action shall be brought.

A judgment which goes beyond the issues and attempts to settle questions not submitted for a judicial determination, is unwarranted.

*Appeal from Superior Court, King County.*

*John P. Fay* and *C. H. Gest,* for appellant.

*Struve, Allen, Hughes & McMicken,* for cross-appellants.

The opinion of the court was delivered by

GORDON, J.—On the 7th day of April, 1891, the above named Farmers Insurance Company, in consideration of the premium thereon duly paid, issued its policy of insurance in the sum of $1,000 upon the two-story frame lodging house of one Mrs. M. McWilliams, said property being situated in the city of Seattle. At the time when said insurance was effected there was a mortgage upon the said property held by the above named American Building & Loan Association, and at the time of issuing said policy there was endorsed upon and annexed to it the following:

## "MORTGAGE CLAUSE.

"(To be attached only to policies covering in whole or in part on real property.)

" Loss, if any, payable to the American Building and Loan Association, of Minneapolis, Minnesota, mortgagee or trustee, as hereinafter provided.

" It being hereby understood and agreed that this insurance, as to the interest of the mortgagee or trustee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, nor by the occupation of the premises for purposes more hazardous than are permitted by the terms of this policy. Provided, that in case the mortgagor or owner neglects or refuses to pay any premium due under this policy, then, on demand, the mortgagee or trustee shall pay the same. Provided also, that the mortgagee or trustee shall notify this company of any change of ownership or increase of hazard which shall come to his or their knowledge, and shall have permission for such change of ownership or increase of hazard duly indorsed on this policy. And provided further, that every increase of hazard not permitted by the policy to the mortgagor or owner shall be paid for by the mortgagee or trustee on reasonable demand, and after demand made by this company upon and refusal by the mortgagor or owner to pay according to the established schedule of rates. It is, however, understood that this company reserves the right to cancel this policy, as stipulated in the printed conditions in said policy; and also to cancel this agreement on giving ten days notice of their intention to the trustee or mortgagee named therein, and from and after the expiration of the said ten days this agreement shall be null and void. It is further agreed that, in case of any other insurance upon the property hereby insured, then this company shall not be liable under this policy for a greater proportion of any loss sustained than the sum hereby insured bears to the whole amount of insurance on said property issued to or held by any party or parties having an insurable interest therein. It is also agreed that whenever this company shall pay

the mortgagee or trustee any sum for loss under this policy, and shall claim that as to the mortgagor or owner no liability therefore exists, it shall at once and to the extent of such payment be legally subrogated to all the rights of the party to whom such payments shall be made, under any and all securities held by such party for the payment of said debt. But such subrogation shall be in subordination to the claim of said party for the balance of the debt so secured. Or said company may, at its option, pay said mortgagee or trustee the whole debt so secured, with all the interest which may have accrued thereon to the date of such payment, and shall thereupon receive from the party to whom such payment shall be made an assignment and transfer of said debt, with all securities held by such parties for the payment thereof.

" To be attached to policy No. 1961 of the Farmers' Insurance Co.         S. S. WALDO, *Secretary.*
  "April 7th, 1891.        Per BOTSFORD."

The premises were destroyed by fire on the 7th day of August, 1891, and in October, 1892, this action was brought by said building and loan association to recover the amount of said insurance. In its complaint it alleged that the amount due upon the loan secured by said mortgage and other securities which it held, at the time when said fire occurred, was $1,623.40.

The insurance company filed its answer, and, among other things in its affirmative defense, pleaded, "that in said policy of insurance it was expressly provided that no suit or action on said policy for the recovery of any claim should be sustainable in any court of law or equity . . . unless commenced within twelve months after the fire."

A demurrer was interposed to this affirmative defense, which demurrer was by the lower court sustained and exception duly preserved. Thereafter, the cause proceeding to trial, a verdict was returned in

favor of the building and loan association for the full sum of $1,000. A motion for a new trial having been made and overruled, judgment was entered upon the verdict.

In entering judgment, the court, upon its own motion, incorporated therein a finding "that the amount of said verdict was in excess of the debt secured" by the mortgage held by the building association upon said premises, and directed that the defendant should, upon payment to plaintiff of the amount of the judgment, be subrogated to all rights of the plaintiff in and to securities held by it for the debt owing to it by the said Mrs. McWilliams.

The building and loan association, plaintiff below, contending that any judgment other than one for the amount of the verdict was erroneous, appealed from that part which was so incorporated therein upon the court's own motion, and the insurance company, defendant below, by a cross-appeal, brings to this court and assigns as error the ruling of the lower court which sustained a demurrer to its affirmative defense above noticed.

The conclusion to which we have come concerning the cross-appeal disposes of this case. In *State Insurance Co. v. Meesman*, 2 Wash. 459 (27 Pac. 77), this court held that a stipulation in a policy of insurance similar to that relied upon here is valid and binding, and learned counsel in this cause do not question the validity of such a provision, but insist that it is not binding upon the mortgagee. Their contention is that "there is absolutely no limitation of the time in which to bring the action, in the mortgage or subrogation clause;" that the mortgage clause is a separate, distinct and valid contract between the mortgagee and the insurance company, and that it must be construed

and enforced without regard to the provisions of the policy, which they contend to be applicable only as between the insurer and the insured (mortgagor); or, stated in the language of their brief:

"We cannot inject into it [the mortgage clause] some other provision not contained in it.    For if one of the clauses of the contract [policy] between the insurer and insured can become part of the mortgagee's contract, all can.    *If one must,* all must."

The case of *Hastings v. Westchester Fire Ins. Co.,* 73 N. Y. 141, is cited and confidently relied upon by counsel for both parties in support of their respective contentions.    We have, therefore, given that case an extended examination.    In that case the defendant company issued its policy of insurance to S. upon her dwelling house.    The policy contained a clause that in case of other insurance, the insured could only recover upon the policy its proportionate share of any loss. The plaintiff held a mortgage upon the premises and subsequent to the issuing of the policy, the defendant made an indorsement thereon and annexed thereto a mortgage clause, which in all respects was similar to the mortgage clause with which we have to deal in this case (excepting only that the provision contained in the mortgage clause in this case upon the subject of " *other* " *insurance* was not contained in the clause under consideration in the case from New York).    S. had other insurance upon the building of which plaintiffs and defendant were ignorant.    In an action upon the policy it was held that the mortgage clause operated as an independent insurance of the mortgagees' interest; that it gave them the same benefit as if they had taken out *a separate policy free from the conditions imposed upon the owner* and making them responsible only for their own acts, and that thereafter the clause of

the policy limiting defendant's liability in case of other insurance did not apply, as the mortgagees had procured no other insurance and plaintiffs were entitled to recover the whole of the loss without regard to the additional insurance procured by S.

Counsel for the building and loan association, in their very able brief, quote the following from the opinion in that case, and insist that it is conclusive upon the question which we are now considering:

"The rules laid down in the authorities cited have no application, however, to a case where a provision has been inserted in the policy which places the mortgagee upon another and a different footing from that of a mere assignee or appointee to receive the loss. The mortgage clause was agreed upon for this very purpose, and created an independent and a new contract, which removes the mortgagees beyond the control or the effect of any act or neglect of the owner of the property, and renders such mortgagees parties who have a distinct interest, separate from the owner, embraced in another and a different contract. The tendency of the recent cases is to recognize these distinctions, and thus protect the rights of the mortgagee when named in the policy, and the interest of the owner and of the mortgagee are regarded as distinct subjects of insurance."

We think, on the contrary, that it does not support their construction of the clause in question. That it does not, appears to us to be conclusively shown by giving the case in question further consideration. The court also held in that case that the *provision* of the policy making the loss payable within sixty days *after due notice and proof of loss*, entitled the plaintiff to interest after the expiration of sixty days from the time of furnishing such proof. Hence, it appears that the court did in fact interpret and enforce provisions of the policy itself. The stipulation requiring proofs

of loss to be furnished is nowhere mentioned in the endorsement or mortgage clause in that case, nor is it in the case before us.   And the court further in its opinion say:                                     .

"The insurance had been to the owner and the additional provisions, *which were incorporated in the policy by the mortgage clause,* created a distinct contract with the mortgagees. . . . The meaning of the word 'assured' has not been changed by the addition of the mortgage clause. . . . The just and reasonable interpretation of the provision . . . is that the legal force and effect of the policy shall not be *weakened or impaired.*   When it provides that it 'shall not be invalidated,' it means that it shall continue valid for the full amount named, despite of any act or neglect of the owner or mortgagor."

The plaintiff in this case, under the provisions of the mortgage clause, became entitled to maintain this action, and the effect of said clause was to relieve it from the consequences of any act or neglect of the owner of the property insured, viz., Mrs. McWilliams. But we think, also, that all of the provisions of the policy continued in force excepting only such as are inconsistent with the provisions contained in the clause annexed.   In other words, that the annexation of the mortgage clause operates merely as a modification of the policy by dispensing with certain requirements, duties and obligations which, by the terms of the policy, were imposed upon the owner, and protects the mortgagee against his (the mortgagor's) acts either of omission or commission; but that general provisions of the policy intended for the security and protection of the company, and which do not relate personally to the mortgagor, such as the stipulation concerning the time in which an action shall be brought, are not abrogated or affected by it.   The

mortgage clause is not a complete contract in itself, nor does it profess to be. It is, of course, conclusive upon the parties in so far as it speaks, and controls any provisions of the policy to which it is attached which are inconsistent with it; but as a complete or entire contract it is indefinite and uncertain. Resort must still be had to the terms of the policy to ascertain many things which are the very life of the contract; among others, the amount of the insurance, the property insured, the term of the insurance, and very many matters concerning which the endorsement itself furnishes absolutely no information whatever.

The suit is based, not upon the endorsement as a complete contract, but upon the policy of which it is simply a part. It is the policy which constitutes the basis of plaintiff's right to a recovery, and it plainly and unmistakably says that "no suit or action for the recovery of any claim by virtue of this policy shall be sustainable in any court, . . . unless such suit or action shall be commenced within twelve months next after the date of the fire from which such loss shall occur." This condition is one which may be waived in many ways, but we have nothing to do with the question of waiver in this case. If facts or circumstances existed which would establish a waiver of this condition, it was the duty of the plaintiff to set them up by appropriate pleading.

We think the demurrer should have been overruled. As this conclusion necessitates a reversal of the judgment, we will not discuss the question presented by the appeal of the plaintiff, further than to say that we have examined the same and are of the opinion that, under the pleadings, independent of the question which we have here considered, the court was not warranted in entering more than a general judgment upon the

verdict. The judgment appealed from went beyond the issues and attempted to adjust rights that were not asserted and settle questions that were not submitted for a judicial determination.

The judgment will be reversed and the cause remanded with instructions to overrule the demurrer to the defendant's second affirmative defense. Costs to the Farmer's Insurance Company, appellant.

HOYT, C. J., and ANDERS and SCOTT, JJ., concur.

DUNBAR, J., dissents.