[No. 2806.  Decided February 14, 1898.]

THE STATE OF WASHINGTON *on the Relation of Kittie Grady, Respondent, J. M.* LOCKHART, *as Justice of the Peace, Appellant.*

WRIT OF REVIEW TO JUSTICE OF THE PEACE — SCOPE OF SUPERIOR
     COURT'S JUDGMENT — VACATION OF JUDGMENT — GROUNDS.

Where the action of a justice of the peace in denying a motion for a change of venue is brought before the superior court by the issuance of a writ of review, it is error for the superior court to give judgment upon any other question than the alleged error of the justice in not granting the change of venue.

A petition for a writ of review does not state facts sufficient to warrant its issuance, when it does not appear from the facts alleged in the petition that the defendant has a meritorious defense to the action and that injury would result to him, if the case were allowed to proceed; for this purpose a general allegation of resulting injury is not sufficient, but the facts must be stated so that the court, in the exercise of its discretion, may properly determine whether injury would follow the action complained of.

The action of a court in vacating its judgment is erroneous, when the only ground therefor was that it had not come into possession of plaintiff's brief prior to the time when judgment was rendered.

Appeal from Superior Court, Jefferson County.—Hon. JAMES G. McCLINTON, Judge.   Reversed.

*A. W. Buddress*, for appellant:

The petition for a writ of *certiorari* must show that the unlawful action of the inferior court has resulted or will result injuriously to individual rights.   2 Spelling, Extraordinary Relief, § 1992; *Johnson v. Supervisors*, 61 Iowa, 89; *Woodworth v. Gibbs*, 61 Iowa, 398; *Criswell v. Richter*, 13 Tex. 18; *Rand v. Tobie*, 32 Me. 450; *Harrian v. Chipp*, 25 Ill. 575.

The writ of *certiorari* is not a writ of right, but will be granted or denied in the discretion of the court, according to the circumstances of each particular case, as justice may require.   *Keys v. Marin County*, 42 Cal. 252; *People v. Andrews*, 52 N. Y. 445; *People v. Hill*, 65 Barb. 435; *People v. Utica*, 65 Barb. 9;   2 Spelling, Extraordinary Relief, § 1906.

On the proposition that the superior court should have remanded the case to the justice with direction to grant a change of venue, instead of absolutely terminating the case without recourse, counsel cites *Alderson v. Commissioners*, 32 W. Va. 454 (9 S. E. 863);   2 Spelling, Extraordinary Relief, § 2044;   Laws 1895, p. 115, § 2 (Bal. Code, § 5739).

*Robert W. Jennings*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an appeal by the defendant J. M. Lockhart, a justice of the peace, from a judgment rendered by the superior court of Jefferson county vacating and annulling a judgment rendered by the defendant as justice of the peace in favor of A. W. Buddress in the case of *A. W.*

*Buddress*, plaintiff, *v. Kittie Grady*, defendant.   The action was commenced by Buddress   before   the   appellant Lockhart, as justice of the peace of the Port Townsend precinct, Jefferson county, to collect an attorney's fee alleged to be due said Buddress from said Kittie Grady.   On the return day of the notice defendant appeared by her attorney before a justice of the peace, and, as the return of the justice shows, after having moved the court for a continuance, which was refused, announced that she was ready for trial.   Subsequently she asked for a change of venue, and the justice held that the motion for a change of  venue came too late, and refused the same.   The defendant Grady, as relator, filed a petition in the superior court in the name of the state of Washington as plaintiff, against the justice of the peace as defendant, for a writ of review to annul the judgment rendered by the justice.   The petition was asked on the ground that the judgment rendered was void for the reason that the justice had not granted the motion for a change of venue.   A demurrer to the petition was interposed and was overruled.   The justice then made his return to the writ and upon the return filed his motion  to quash the writ, for the reason, among others, that the petition for the writ of review did not state facts sufficient to entitle plaintiff to any relief.   After a consideration of the motion the superior judge in open court rendered a judgment in the *certiorari* case granting the motion to quash, and for  judgment upon the return, and dismissed  the *certiorari* proceedings.   Subsequently, and after the time for filing a motion for a new trial had expired, the relator filed a petition to vacate the judgment which the court had entered dismissing the *certiorari* proceedings, which petition was sustained by the court, and the judgment vacated, and upon trial of the cause the court sustained the writ of review theretofore issued and adjudged that the judgment

rendered by defendant against the relator should be set aside and held for naught. From this judgment an appeal is taken to this court.

It is evident that this judgment will have to be reversed in any event, for the superior court had no authority, even conceding that the justice erroneously denied the change of venue, to do more than to remand the case for a change of venue. By this action of the court the case is summarily ended, and the plaintiff in the lower court is deprived of his legal remedy to prosecute his action. The respondent, in answer to this proposition, cites sec. 11, p. 116 of the Laws of 1895 (Bal. Code, § 5748), which provides that

"When a full return has been made, the court must hear the parties, or such of them as may attend for that purpose, and may thereupon give judgment, either affirming or annulling or modifying the proceedings below,"

and adds that, the judgment of the justice being entirely void and without jurisdiction, the superior court annulled it. But in this case there was only one question to be determined by the court, viz.: whether the justice erred in not granting the change of venue, and, although the judgment might be void, it does not follow, and does not appear in this case, that the justice did not rightfully and legally entertain jurisdiction originally in the case, and he would still have jurisdiction to remand the case to another justice for hearing, where it could rightfully proceed to judgment.

We are also of the opinion that the petition in this case did not state facts sufficient to warrant the issuance of the writ. It does not appear from the petition that the defendant had any defense, meritorious or legal, to this action, and it is not sufficient for the petition simply to allege in general terms that if the case proceeds he will be injured. The facts must be stated so that the court can determine whether the injury would follow the action of the court

complained of. It is well established that the writ of *certiorari* will be granted or denied within the discretion of the court according to the circumstances of each particular case as justice may require, and will not be granted unless substantial justice and equity will be promoted. If it should eventuate upon the remanding of this case to the justice for a change of venue that the defendant had no defense to the action, then the court would have done a vain thing in issuing the writ and no substantial justice would have been promoted. Again, under the doctrine announced by this court in *Dickson v. Matheson,* 12 Wash. 196 (40 Pac. 725), and more recently in the case of *Burnham v. Spokane Mercantile Co., ante,* p. 207, the court erred in vacating the judgment which it had previously made. The affidavit in support of the motion to vacate the judgment does not bring the application within sec. 1393 or sec. 1394 of the code of procedure. It does not show any mistake, neglect or omission on the part of the clerk, or fraud practiced by the successful party in obtaining the judgment, or unavoidable casualty or misfortune preventing the party from prosecuting or defending. All that it does show is that the court had not come into possession of respondent's brief. We do not think this was a sufficient showing to warrant the court in vacating the judgment. There are many other errors alleged, notably the action of the defendant in submitting to the jurisdiction of the court for the purpose of asking for a continuance as shown by the return of the justice, which it is not necessary, in view of our opinion on the questions just discussed, to investigate. But for the errors mentioned, the judgment will be reversed and the cause remanded to the lower court with instructions to quash the writ and dismiss the *certiorari* proceedings.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.