[No. 20722.   Department One.   October 11, 1927.]

THE STATE OF WASHINGTON, *on the Relation of Harry Rush, Respondent*, v. JOHN B. ORTON, *Appellant.*[1]

[1] CRIMINAL LAW (25, 26-1)—JURISDICTION—OF JUSTICE OF PEACE —EXTENT OF PENALTY. Under Rem. Comp. Stat., § 46, expressly so providing, justices of the peace other than those elected in cities of the first class can impose no greater sentence than a fine of one hundred dollars, or imprisonment in the county jail for thirty days; and a sentence for both such fine and imprisonment is erroneous.

[2] CERTIORARI (30)—PROCEEDINGS—SCOPE AND EXTENT OF REVIEW. Upon certiorari to set aside a sentence and judgment of a justice of the peace in a case of which the justice had jurisdiction, but entered an erroneous judgment, it is error to hold the judgment void; and the superior court should remand the case to the justice for a proper sentence, in view of Rem. Comp. Stat., § 1009, providing that, upon full return in certiorari, the court may either affirm, annul or modify the proceedings below.

Appeal from a judgment of the superior court for Grays Harbor county, Reynolds, J., entered February 11, 1927, setting aside, upon certiorari, a judgment and sentence of a justice of the peace.   Reversed.

*Austin M. Wade*, for appellant.

FRENCH, J.—One Harry Rush was charged in the justice court of Aberdeen precinct, Grays Harbor county, Washington, with operating an automobile without having a license so to do.  A warrant of arrest was issued, the defendant was apprehended and appeared before the justice court, entered a plea of guilty, and was by the justice sentenced to pay a fine of one hundred dollars and costs, and to imprisonment in the county jail for thirty days.

[1]Reported in 259 Pac. 1077.

10—145 WASH.

The defendant, feeling aggrieved by what he conceived to be an excessive sentence, brought the entire matter before the superior court of Grays Harbor county by writ of certiorari to review the judgment of the justice of the peace, the only error complained of in the affidavit for the writ being that the justice erred in assessing a fine and costs in addition to sentencing the defendant to the county jail for thirty days,

"  .  .  .  for the reason that the justice in cities of the second class has no jurisdiction to assess a fine of one hundred dollars, plus costs, and in addition thereto to sentence affiant to the county jail for thirty days."

The matter came on regularly for hearing before the superior court, the action of the justice court was held to be null and void, and the defendant was dismissed and released. This appeal follows.

[1] The complaint in the justice court clearly charges a misdemeanor. Sections 6367, 6368, Rem. Comp. Stat. [P. C. §§ 234-18, 234-19]. The justice of the peace had jurisdiction. Section 46, Rem. Comp. Stat., [P. C. § 9433].

"Justices of the peace other than those elected in cities of the first class shall in no event impose greater punishment than a fine of one hundred dollars, or imprisonment in the county jail for thirty days." Laws 1909, p. 377; Rem. Comp. Stat., § 46.

The judgment of the justice of the peace was clearly erroneous in imposing both the one hundred dollar fine and thirty days imprisonment. Our statute on certiorari provides:

"When a full return has been made, the court must hear the parties, or such of them as may attend for that purpose, and may thereupon give judgment, either affirming or annulling or modifying the proceedings below." Rem. Comp. Stat., § 1009.

"It is evident that this judgment will have to be reversed in any event, for the superior court had no

authority, even conceding that the justice erroneously denied the change of venue, to do more than to remand the case for a change of venue. By this action of the court the case is summarily ended, and the plaintiff in the lower court is deprived of his legal remedy to prosecute his action. The respondent, in answer to this proposition, cites sec. 11, p. 116, of the Laws of 1895 (Bal. Code, § 5748), which provides that:

" 'When a full return has been made, the court must hear the parties, or such of them as may attend for that purpose, and may thereupon give judgment, either affirming or annulling or modifying the proceedings below.'

and adds that, the judgment of the justice being entirely void and without jurisdiction, the superior court annulled it. But in this case there was only one question to be determined by the court, viz: whether the justice erred in not granting the change of venue, and, although the judgment might be void, it does not follow, and does not appear in this case, that the justice did not rightfully and legally entertain jurisdiction originally in the case, and he would still have jurisdiction to remand the case to another justice for hearing, where it could rightfully proceed to judgment." *State ex rel. Grady v. Lockhart,* 18 Wash. 531, 52 Pac. 315.

So, in the instant case, the justice had jurisdiction, the case was heard, the defendant on his plea was adjudged guilty; and the only question for determination by the superior court was the legality of the sentence imposed.

We hold that it was the duty of the superior court, under the above-quoted statute, to remand the case to the justice of the peace with instructions that a legal sentence be pronounced.

Judgment reversed.

MACKINTOSH, C. J., PARKER, TOLMAN, and MITCHELL, JJ., concur.