WALKER, Respondent, vs. DUNCAN, Appellant.

*March 24 — April 12, 1887.*

*(1) Pleading: Variance: Waiver of tort. (2) Logs and lumber: Evidence of quantity.*

1. A complaint alleged that the defendant was indebted for property sold and delivered to him, but the evidence showed that he wrong-fully converted the property. *Held,* that the variance was immaterial, as the plaintiff had the right to waive the tort and sue upon contract.

2. Proof, by the scale and otherwise, of the whole quantity of logs which had been stored in a mill pond, together with evidence of the quantity of lumber sawed from what remained after the defendant had converted a portion of them, is admissible to show the quantity converted, although it is conceded that the saw-bill generally differs from the scale.

APPEAL from the Circuit Court for *Columbia* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

The plaintiff in his complaint alleged, in effect, that the defendant was justly indebted to him in the sum of $3,375 for 250,000 feet of saw-logs theretofore sold and delivered to the defendant by the plaintiff, and at his special instance and request. The answer was a general denial. At the close of the trial the jury returned a verdict in favor of the plaintiff for $600 damages. From the judgment thereon the defendant appeals.

Walker vs. Duncan.

For the appellant there was a brief by *G. W. Cate*, and oral argument by *D. Lloyd Jones*. They contended, *inter alia*, that the proof did not sustain the complaint, and the variance was fatal. *Warren v. Bean*, 6 Wis. 120; *Walter v. Bennett*, 16 N. Y. 250; *Salters v. Genin*, 7 Abb. Pr. 193; 4 Wait's Pr. 695. Though the plaintiff may waive a tort and sue on contract, yet his complaint must state the facts constituting his cause of action — the facts from which he claims the law implies a promise to pay. Sec. 2646, R. S.; 2 Wait's Pr. 284, 305-6-9, 379; 1 Chitty's Pl. 215; *Supervisors of Kewaunee Co. v. Decker*, 30 Wis. 624; *Slutts v. Chafee*, 48 id. 617; *Eilert v. Oshkosh*, 14 id. 586; *Rothe v. Rothe*, 31 id. 570; *Allen v. Patterson*, 7 N. Y. 476; *Eno v. Woodworth*, 4 id. 249; *Proctor v. Reif*, 52 Iowa, 592; *Byxbie v. Wood*, 24 N. Y. 610.

For the respondent there was a brief by *Raymond & Haseltine*, and oral argument by *Mr. Haseltine*.

CASSODAY, J. The defendant owned a saw-mill on Silver creek, with a mill-pond which he used for storing saw-logs. Three fourths of a mile above was another saw-mill, owned by one Palmer, with a mill-pond similarly used. In the winter of 1880–81, the plaintiff got into Palmer's mill-pond and there stored a large quantity of saw-logs belonging to himself. The evidence on the part of the plaintiff tended to prove that in a time of high water, in September, 1881, a portion of the plaintiff's saw-logs floated out of Palmer's pond into the defendant's pond, and were sawed by the defendant and converted to his own use without the consent of the plaintiff. The principal error assigned is that the cause of action thus proved was not the one alleged in the complaint, and that the variance was fatal. The cause of action alleged in the complaint is upon contract. The cause of action proved is in tort. But this court has repeatedly held that, when money or property has been tortiously con-

verted, the owner may waive the tort, and sue and recover upon contract. *Grannis v. Hooker*, 29 Wis. 65; *Norden v. Jones*, 33 Wis. 600; *Western Assurance Co. v. Towle*, 65 Wis. 254. That is what was done here, and we must therefore regard the variance as immaterial.

To prove the amount of saw-logs thus converted, there was evidence given on the part of the plaintiff tending to prove, by the scale and otherwise, the whole amount of saw-logs he then had in Palmer's pond, and their value per thousand, and also .the .whole amount of lumber sawed therefrom at Palmer's mill. He claimed that the difference was the amount so converted. It is conceded that the saw-bill generally differs from the scale, so that the precise amount of the plaintiff's logs which so floated out of Palmer's pond could not be ascertained from such evidence, much less the precise amount so converted. Still it was a question of fact, and the evidence was admissible, and as certain as circumstances would permit. We cannot say that it was insufficient to sustain the verdict as to the amount so converted by the defendant. On the contrary, we must hold that the verdict is sustained by the evidence, especially as only a small portion of it is printed.

*By the Court.*— The judgment of the circuit court is affirmed.