[ No. 1717.   Decided June 28, 1895.]

G. E. DICKSON, *Respondent*, v. DAVID MATHESON *et al.,*
*Appellants.*

JUDGMENT — MOTION TO VACATE — INCLUSION OF IMPROPER COSTS.

Error of law committed by the court in including attorney fees
in a judgment rendered against a partnership, upon the confession
·of judgment by one of the partners upon a promissory note of the
firm, cannot be corrected by petition to vacate the judgment, when
no fraud has been practiced upon the court, but must be reached by
appeal.   (HOYT, C. J., dissents.)

*Appeal from Superior Court, Kittitas County.*

*Edward Pruyn,* for appellants.

*Wager & Graves,* for respondent.

The opinion of the court was delivered by

GORDON, J.—An action was commenced by the re-
spondent in the superior court of Kittitas county,
against David Matheson and Charles Dickson, part-
ners as Matheson & Dickson, upon a promissory note,
and personal service of summons in said action was
had upon each of said partners, on August 11, 1894.
On the 18th day of August, 1894, the said Charles
Dickson made, subscribed and acknowledged a written
statement and confession, consenting to and authoriz-
ing the entry of judgment in favor of plaintiff for the
amount claimed in the complaint, which amount in-
cluded the sum of $68 attorney's fees, provided in the
note to be paid in case of suit or action being brought.
The written instrument and confession thus made set
out the facts upon which the indebtedness arose, in
compliance with the statute, and authorized the enter-

ing of a judgment in favor of the plaintiff and against
the defendants for the sum aforesaid; and upon such
statement judgment was duly entered in favor of re-
spondent against appellants, David Matheson and
Charles Dickson, and said judgment provided that the
same should be satisfied out of the joint property of
Matheson and Dickson and the separate property of
said Charles Dickson, in compliance with § 416, Code
Proc.   Thereafter a petition was filed by appellants to
vacate and set aside said judgment, and from an order
sustaining respondent's demurrer to an amended peti-
tion filed therein, this appeal is taken.

The principal ground relied upon by the appellants
for the reversal, and the only one that need be consid-
ered, is that the court erred in including the sum of
$68 as attorney's fees in said judgment upon confes-
sion, inasmuch as respondent had not appeared by at-
torney in said action.   Assuming, without deciding,
that respondent was not entitled to any allowance as
attorney's fees in said judgment, we think that appel-
lants have mistaken their remedy and that the de-
murrer to the amended petition was properly sustained.
The statement made by Dickson, upon which the judg-
ment was entered, sets out fully each of the items go-
ing to make up the amount for which the judgment
was entered, viz., principal, interest and attorney's
fees.   Nothing was withheld or concealed from the
court.   And upon this statement judgment was en-
tered.   No fraud was practiced, and, at most, there was
simply error of law upon the part of the court in giv-
ing judgment for the amount claimed as attorney's
fees.   But we do not think that a petition to vacate
the judgment is the proper proceeding for the purpose
of correcting an error of law, and the statute which
authorizes proceeding by petition to vacate and modify

a judgment in the court in which it is rendered (Title 14, Code Proc.) does not include an "error of law" within the causes for which such proceedings may be taken.   The final judgment pronounced upon a hearing upon the merits cannot be set aside by the petition under the statute for mere error into which the court may have fallen.

"It is not intended to be used as a means for the court to review or revise its own final judgments, or to correct any errors of law into which it may have fallen.   That a judgment is erroneous as a matter of law is ground for an appeal, writ of error, or *certiorari*, according to the case, but it is no ground for setting aside the judgment on motion." 1 Black, Judgments, § 329.

The order appealed from is affirmed.

DUNBAR, ANDERS and SCOTT, JJ., concur.

HOYT, C. J. (*dissenting*).—I am unable to agree with the foregoing opinion.   The rights of Matheson, the real appellant, had been decided in the court below without notice to him, and for that reason the question which the court passed upon, as it affected his interests, had never been called to the attention of that court. This being so, this court could not rightfully give him any relief against such ruling until he had first asked for it in the court below; and if he must first apply there, the ruling obtained upon such application ought to be reviewed here.