[No, 1921.  Decided February 11, 1896.]

WILLIAM H. GREENE *et ux., Appellants,* v. LOUIS WILLIAMS, *Defendant,* G. H. RANDALLS *et al., Respondents.*

VACATION OF ORDER — SUFFICIENCY OF SHOWING — LIMITATION.

A petition for the vacation of an order refusing to confirm a sheriff's sale is insufficient when it does not appear therefrom that any reason exists for granting the same that was not considered by the court and which did not exist at the time the order was made.

Under Code Proc., § 1394, a petition for the vacation of an order of court cannot be entertained, when the application is not made within one year from date of the order.

Appeal from Superior Court, Clallam County.—Hon. JAMES G. McCLINTON, Judge.  Reversed.

*R. C. Wilson,* for appellants.

The opinion of the court was delivered by

GORDON, J.—This case comes here upon an appeal from an order of the superior court made on March 15, 1894, which order confirmed a sheriff's sale of real estate and vacated and set aside a previous order of said court entered on March 25, 1892, denying respondents' motion to confirm said sale. The order appealed from was based upon respondents' petition, which was presented to the lower court on the 15th of March, 1894, nearly two years after the order which it sought to have vacated and set aside had been made and entered by the court. The right to the relief prayed for in said petition is based entirely upon the record, and it does not appear from an inspection of said petition that any reason existed for granting the same that was not considered by the court and which did not exist at the time when the previous order of the court denying the confirmation of the sheriff's sale was made. We think that the petition was wholly insufficient, under § 1393, Code Proc., which authorizes the court, "in which a judgment has been rendered, or by which or the judge of which a final order has been made, . . . to vacate or modify such judgment or order."

We also think that the court erred in entertaining the application, inasmuch as a petition to vacate such an order is by § 1394 of said code required to be instituted within one year from the date of such order or judgment.

For these reasons the order appealed from will be reversed.

HOYT, C. J., and ANDERS, DUNBAR and SCOTT, JJ., concur.