[No. 6579.   Decided January 5, 1907.]

SOUND INVESTMENT COMPANY, *Respondent*, v. FAIRHAVEN
LAND COMPANY, *Appellant*.[1]

APPEAL—DECISIONS REVIEWABLE—NEW TRIAL—DENIAL OF VACA-
TION OF JUDGMENT.   An order denying a motion to vacate a judg-
ment and for a new trial is not an appealable order affecting a sub-
stantial right, where the motion was based upon error of law which
could only be corrected by appeal from the judgment; and an appeal
from such an order will be dismissed on motion.

Appeal from an order of the superior court for What-
com county, Joiner, J., entered September 28, 1906, overrul-
ing the defendant's motion to set aside a judgment, and for
a new trial.   Appeal dismissed.

*Black, Kindall & Kenyon* and *Dorr & Hadley*, for appel-
lant.

*Fairchild & Bruce* and *Newman & Howard*, for respond-
ent.

DUNBAR, J.—This was an action foreclosing a delinquency
tax certificate.   The findings, conclusions and decree were
made and entered by the court on the 7th day of September,
1906, and on the 8th day of September the defendant served
and filed its motion to vacate and set aside the judgment and
for a new trial.   The motion was in the following words:

"Comes now the defendant, Fairhaven Land Company, by
Black, Kindall & Kenyon and Dorr & Hadley, its attorneys,
and moves the court to vacate, modify and set aside the find-
ings, conclusions and judgment heretofore made by the court
in the above entitled cause on the 7th day of September, 1906,
and entered herein, and especially that part thereof adjudg-
ing and decreeing a lien on the property therein described,
and to grant a new trial in said action and proceeding, on the
following terms, viz:   (1)   Insufficiency of the evidence to
justify the said findings, conclusions and judgment, and that

[1]Reported in 88 Pac. 198.

the same are against the law; (2) Error in law occurring at the trial and excepted to at the time by this defendant."

The motion was overruled, and from the order of the court overruling the motion this appeal is prosecuted.

The respondent moves to dismiss the appeal, for the reason that the orders appealed from were not appealable orders, the judgment in this cause not having been appealed from. We said in *Northern Pacific etc. R. Co. v. Black*, 3 Wash. 327, 28 Pac. 538, that this court had repeatedly held that no appeal lies from an order denying or granting a motion for a new trial. See, also, *Tacoma Lumber etc. Co. v. Wolff*, 7 Wash. 478, 35 Pac. 115, 755.

It has been the uniform ruling of this court that a motion to vacate a judgment does not affect a substantial right, if the errors complained of are errors of law occurring at the trial; that such errors cannot be reviewed in a motion to vacate, and that, therefore, no substantial right could be invaded by a denial of the motion. It is conceded by the appellant that such is the rule of the common law, so that it is not necessary to here cite authorities from that source. But it is contended that, under the provisions of our statute, such is not the rule in this state. An examination of the cases cited from this court we think bears out the respondent's contention. In *Dickson v. Matheson,* 12 Wash. 196, 40 Pac. 725, it was decided that error of law committed by the court could not be corrected by petition to vacate the judgment, when no fraud had been practiced upon the court, but that such error must be reached by appeal. This case was followed and the doctrine reiterated in *Greene v. Williams*, 13 Wash. 674, 43 Pac. 938, where it was said:

"The right to the relief prayed for in said petition is based entirely upon the record, and it does not appear from an inspection of said petition that any reason existed for granting the same that was not considered by the court and which did not exist at the time when the previous order of the court denying the confirmation of the sheriff's sale was made. We

think that the petition was wholly insufficient, under § 1393, Code Proc., which authorizes the court 'in which a judgment has been rendered, or by which or the judge of which a final order has been made,. . . . to vacate and modify such judgment or order.' "

To the same effect is *Burnham v. Spokane Mercantile Co.,* 18 Wash. 207, 51 Pac. 363, and *State ex rel. Grady v. Lockhart,* 18 Wash. 531, 52 Pac. 315.

In *Roberts v. Shelton etc. R. Co.,* 21 Wash. 427, 58 Pac. 576, it was held that the motion to vacate and modify a judgment was in the nature of an independent action, and that questions which have been passed upon by the court in the original proceeding could not be reviewed on a petition to vacate, and could only be reviewed on a regular appeal from a judgment. This exact question was before this court in *Kuhn v. Mason,* 24 Wash. 94, 64 Pac. 182, where it was held that Bal. Code, § 5153 (P. C. § 1033), which authorizes a court to vacate or modify its judgment after the term at which it was rendered, for irregularity in obtaining the judgment or order, does not contemplate that errors of law committed by the court may be corrected by motion to vacate, since the proper remedy in case of such errors is an appeal from the judgment; reaffirming the doctrine of *Dickson v. Matheson, supra,* and citing Black on Judgments, § 329, where the author says:

"It is not intended to be used as a means for the court to review and revise its own final judgments, or to correct any errors of law into which it may have fallen. That a judgment is erroneous as a matter of law is ground for an appeal, writ of error, or certiorari, according to the case, but it is no ground for setting aside the judgment on motion."

To the same effect are, *State v. Boyce,* 25 Wash. 422, 65 Pac. 763; *Coyle v. Seattle Electric Co.,* 31 Wash. 181, 71 Pac. 733; *State ex rel. Stratton v. Tallman,* 29 Wash. 317, 69 Pac. 1101.

The motion to vacate does not take the place of an appeal in ordinary cases. It is not the province of such a motion to

secure a retrial of an issue of fact or law which has been once
regularly submitted and determined by the trial court, and the
only remedy in such cases is by appeal. *State ex rel. Hen-
nessey v. Huston*, 32 Wash. 154, 72 Pac. 1015. Error of
law cannot be corrected upon a petition to vacate a judgment,
but only upon an appeal from the judgment. *McInnes v.
Sutton*, 35 Wash. 384, 77 Pac. 736. In fact this has been
the uniform holding of this court, and the last expression on
the subject was in *Snohomish Land Co. v. Blood*, 40 Wash.
626, 82 Pac. 933, where it was said:

"The claim that the judgment is erroneous, even if well
founded, is not, standing alone, a ground for vacating it.
For mere error, the statute of appeals furnishes an ample
remedy, and appeal must be resorted to for its correction."

It is true that, in the cases mentioned, the question did not
arise upon a motion to dismiss the appeal, but when once we
determine, as we have, that the appeal from a refusal of the
court to grant a motion to vacate a judgment will not bring
before this court for review the questions which are sought to
be reviewed on this appeal, it would not only be a vain thing
to do to allow the appeal, but it would be an injustice to allow
the appellant to go to the expense and trouble of perfecting
an appeal which could not avail it anything.

The cases cited by the appellant to sustain its assertion
that an appeal will lie from the order of the court denying
the motion to vacate, are not in point. It is true that an ap-
peal will lie from such an order, but the cases cited are cases
where the petition on the motion to vacate set forth the statu-
tory grounds for vacation, and the order of the court on such
motion became a final order in the case, determining the rights
of the parties, and such order would be an appealable order
not only under the statute providing for the vacation of judg-
ments, but under the provision of the appeal statute—an or-
der determining a substantial right. But in this case the sub-
stantial rights which the appellant seeks to have reviewed are
rights which could be reviewed upon an appeal from the judg-

ment. Its remedy was plain and certain. If an appeal were to be allowed in a cause of this kind, the result would be that all statutory laws in relation to the time in which appeais must be taken would be rendered nugatory, and the losing party in any case tried before the superior court could disregard such statutes and simply come within the year provided in the statute in relation to vacations of judgments, make a motion to vacate the judgment and grant a new trial, and his appeal, which brings up the merits of the case, would be assured.

We think the appellant has misconceived its remedy in this case, and that the motion must be sustained.

MOUNT, C. J., ROOT, FULLERTON, and CROW, JJ., concur.