[No. 9562. Department One. June 8, 1911.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES L. TENNEY, *Appellant.*[1]

APPEAL—REVIEW—ORDER REFUSING TO VACATE JUDGMENT—ERRORS IN FINAL JUDGMENT. Upon appeal from an order refusing to vacate a judgment of commitment to the insane ward of the penitentiary, errors leading up to the final judgment of commitment cannot be reviewed.

SAME—ERRORS REVIEWABLE—JURISDICTION. Want of jurisdiction to enter a judgment of commitment to the insane ward of the penitentiary, because of the unconstitutionality of the statute, is error reviewable on appeal from the judgment, and hence cannot be raised on appeal from an order refusing to vacate the judgment.

APPEAL—NOTICE—AMENDMENT. A notice of appeal from an order refusing to vacate a judgment cannot be amended so as to make it a notice of appeal from the judgment.

Appeal from an order of the superior court for King county, Main, J., entered March 15, 1911, denying the vacation of a judgment committing the defendant to the insane ward of the state penitentiary. Dismissed.

*Thomas R. Horner* and *Alfred Gfeller,* for appellant.

*John F. Murphy, Alfred H. Lundin,* and *Herbert B. Butler,* for respondent.

PARKER, J.—The defendant being charged with the crime of assault in the first degree, pleaded not guilty, and in addition thereto, that he was insane or mentally irresponsible at the time of the commission of the crime charged against him, and that since then he has recovered his sanity and is now mentally responsible. This plea was made in substantial compliance with Rem. & Bal. Code, § 2174. The issues being thus made, the case proceeded to trial before the court and a jury, resulting in a verdict rendered on January 5, 1911, finding the defendant not guilty by reason of insanity

[1]Reported in 115 Pac. 1080.

or mental irresponsibility, and also finding: "That the insanity or mental irresponsibility does not exist at the present time; but that the defendant is liable to a relapse of the insane condition so as to be an unsafe person to be at large." On January 21, 1911, the trial court rendered its judgment upon the verdict, committing the defendant as a criminally insane person to the insane ward of the penitentiary. The verdict and judgment were rendered under Laws of 1907, chapter 30, p. 33; Rem. & Bal. Code, §§ 2174, 2175, 2176, 5977. On February 7, 1911, the defendant moved to vacate the judgment committing him as a criminally insane person, alleging errors in the proceedings leading up to and including the rendition of the judgment, and also that the court was without jurisdiction to render such judgment because of the unconstitutionality of the statute under which it was rendered. On February 11, 1911, this motion was heard by the court, and an order entered denying it. On March 17, 1911, the defendant served upon the prosecuting attorney and filed in the case a notice of appeal as follows:

"Comes now James L. Tenney, the defendant in the above entitled cause, by his attorneys Thomas R. Horner and Alfred Gfeller, and gives notice that he appeals from the order denying his motion to vacate the judgment of this court committing him to the insane ward of the penitentiary at Walla Walla, which order was made and entered upon the record herein on the 11th day of February, 1911, to the supreme court of the state of Washington."

It seems too clear to admit of argument to the contrary that this is not an appeal from the final judgment rendered upon the verdict; but is an attempted appeal from the order denying the motion to vacate the judgment. This court has held, in harmony with the rule elsewhere, that such an order is not appealable for the purpose of reviewing errors committed by the trial court affecting the correctness of the judgment sought to be vacated.

In *Sound Investment Co. v. Fairhaven Land Co.*, 45 Wash.

262, 88 Pac. 198, this question was critically examined in the light of the court's previous decisions, where at page 263, the court said:

"It has been the uniform ruling of this court that a motion to vacate a judgment does not affect a substantial right, if the errors complained of are errors of law occurring at the trial; that such errors cannot be reviewed in a motion to vacate, and that, therefore, no substantial right could be invaded by a denial of the motion."

To permit an appeal from such an order would in effect enable a losing party to extend the statutory time for taking an appeal to review errors occurring in the cause in which the judgment is rendered.

Counsel for appellant insist that since their motion to vacate the judgment is based upon want of jurisdiction of the trial court because of the unconstitutionality of the statute authorizing such a judgment, there is something more involved in their appeal than a question of error in the rendition of the judgment. We are not able to agree with this contention. In the case of *In re Newcomb*, 56 Wash. 395, 105 Pac. 1042, we held that the existence of the law under which the trial court rendered judgment was a question for the trial court to determine in the case, and that its decision upon that question could only be reviewed by appeal, since it involved nothing but a question of whether or not such decision was erroneous. That was a habeas corpus case; but as in this case, it was an attempt to review alleged errors in a cause leading up to and including the rendering of the final judgment therein otherwise than by an appeal from such judgment. We are not able to see that the question of the constitutionality of this law affects the question here involved any differently than would the question of the existence of the law.

Counsel for appellant ask that they be permitted to amend their notice of appeal so as to have it refer to the judgment instead of to the later order, in the event we conclude it is

not sufficient to bring here for review the questions raised by them. Under what circumstances a notice of appeal may be amended we need not now determine. This notice of appeal is not in any degree uncertain as to the order appealed from. It not only describes the order with absolute certainty, but with equal certainty gives it date. The notice is not defective as to form or substance. It is unavailing because it is clearly not an appeal from the judgment rendered in the action where the alleged errors were committed. To amend it as asked would make an entirely different notice. We are compelled to dismiss the appeal. It is so ordered.

DUNBAR, C. J., MOUNT, GOSE, and FULLERTON, JJ., concur.