[No. 24887. Department One. April 30, 1934.]

PEHA'S UNIVERSITY FOOD SHOP, *Respondent,* v. STIMP-SON CORPORATION *et al., Appellants.*[1]

[1]Reported in 31 P. (2d) 1023.

*Stern & Stern,* for appellants.

*S. H. Kelleran* and *Albert J. Peha,* for respondent.

MILLARD, J.—On January 4, 1933, plaintiff, a domestic corporation, commenced an action against the Stimpson Corporation, a foreign corporation, for damages alleged to have been sustained by reason of breach of a certain conditional sales contract entered into between the plaintiff and the defendant. The plaintiff also sought cancellation of a certain note, or recovery of the amount thereof.

At the time of the filing of the complaint, the plaintiff caused a writ of garnishment to issue and to be served upon certain parties in Bellingham and Seattle, alleging in the affidavit for issuance of the writ that each and all of the parties named therein were indebted to the defendant or had possession and control of personal property belonging to the defendant. A bond was filed to support the issuance of the writ.

On March 31, 1933, the court entered an order granting permission to plaintiff to file an amended complaint making the Stimpson Computing Scale Co., a foreign corporation, an additional party defendant. On the same date, averring that neither of the defendants was a resident of this state and neither could be found therein, the plaintiff filed the usual affidavit for publication of summons, and caused a summons for publication to issue, which was published, for the required time, in a weekly newspaper published in King county.

Following the filing of the amended complaint making both of the foreign corporations parties defendant,

a second writ of garnishment was issued directing the parties therein named to answer concerning property held by them and owned by the defendants. No bond was filed by plaintiff to support this second writ of garnishment.

On May 31, 1933, the Stimpson Computing Scale Co. appeared specially in the action and moved to quash the summons, "for the reason that the same was improperly and illegally issued, and that the above entitled court is without jurisdiction as to this defendant." The motion was granted on the ground of failure of the plaintiff to file a bond for garnishment conditioned in favor of the Stimpson Computing Scale Co.

The findings of fact (no statement of facts has been brought to this court) amply sustain the following judgment by default against the defendants, entered August 17, 1933:

"This cause having come on for hearing this day, in the above court, before the undersigned judge thereof, plaintiff appearing by its attorneys, the defendant, Stimpson Corporation having been duly and regularly served by publication of summons, proof of such service being on file, the time to plead or otherwise appear in the action having elapsed, and no motion, demurrer, answer or other pleading or paper of any sort, or appearance of any kind, having been served or filed, said defendant being, therefore, in default for want of appearance or pleading, the defendant, Stimpson Computing Scale Company not having been served, and neither party defendant appearing at this hearing, and it having been made to appear from the files and records herein that writs of garnishment were heretofore duly and regularly issued and served on L. J. Allen and on Christie-Lambert Van & Storage Co., Inc.; that the garnishee defendant Allen has answered that, in pursuance of law, he has confiscated and taken possession of four computing scales, which he believes are

the property of the defendant Stimpson Corporation, but says that they are not in his possession personally, and are in the possession of the city of Seattle, which answer has been controverted; that the garnishee defendant Christie-Lambert Van & Storage Co., Inc., answered the first writ served upon it, saying that it had in its possession personal property belonging to the defendant Stimpson Corporation, on which there were unpaid storage charges of $11.44 to January 1st, 1933, and accruing charges thereafter, which property was listed as follows:

    24 scales
     6 coffee mills
     1 chopper
    11 pieces of parts
       sundry price books and like literature

that thereafter said garnishee amended its answer, admitting possession of the said property, but setting out that its former answer was an inadvertence in that the said property belongs to Stimpson Computing Scale Co., believed to be a separate corporation; that thereupon the latter corporation was duly made a party hereto, subsequent writ issued, in response to which the said garnishee defendant made answer in conformity with its amended answer to the first writ; that all of the said answers have been controverted by affidavit for that purpose on file herein; and the plaintiff having introduced proof, and having rested, and the court being sufficiently advised and having heretofore directed the default of the defendant Stimpson Corporation, and the court having heretofore made and entered its Findings of Fact and Conclusions of Law, it is now by the court,

"ORDERED, ADJUDGED AND DECREED that the default of the defendant Stimpson Corporation be and the same is hereby entered, and it is further

"ORDERED, ADJUDGED AND DECREED that by reason of the findings of fact heretofore made and entered and of the conclusions of law drawn therefrom, the defendants are jointly indebted to plaintiff on contract, and that the court has jurisdiction over the property held by the garnishee defendant L. J. Allen, as disclosed

in his answer, and has jurisdiction over the property held by the garnishee defendant Christie-Lambert Van & Storage Co., Inc., as disclosed in its answer to the first and to the second writ of garnishment issued out of this court and cause, and that the property held by the garnishee defendant L. J. Allen consists of 4 computing scales, and that the property held by the garnishee defendant Christie-Lambert Van & Storage Co., Inc., consists of the following:

24 scales
6 coffee mills
1 chopper
11 pieces of parts
sundry price books and like literature

and it is further

"ORDERED, ADJUDGED AND DECREED that the plaintiff have and recover of and from defendants Stimpson Corporation and Stimpson Computing Scale Co., the sum of $830.50, with interest thereon, at the legal rate, from the last day of February, 1932, and the further sum of $20 with interest thereon, at the legal rate, from July 7th, 1932, and the further sum of $580 with interest thereon at the rate of 8% per annum, from the last day of February, 1932, and the further sum of $675, with interest thereon at the legal rate, from the date hereof, together with plaintiff's costs and disbursements herein to be taxed so far only as the said judgment may be enforced against the joint property of the defendants Stimpson Corporation and Stimpson Computing Scale Co., and against the separate property of defendant Stimpson Corporation, that is, so far as said judgment may be enforced against any or all of the property held by garnishee defendants L. J. Allen and/or Christie-Lambert Van & Storage Co., Inc., as more particularly above specified, and that all of the said property so held is subject to said judgment, and it is further

"ORDERED, ADJUDGED AND DECREED that the item of recovery amounting to $580 hereinbefore allowed plaintiff, is upon account of the note in that amount given by the plaintiff to the defendants or one of them, and that the institution of this action and/or the taking of

this judgment for said amount shall not be considered an election, and shall not bar the plaintiff from interposing any defense in any action upon the said note, except to the extent that the said item may be satisfied by actual recovery under this judgment, that any or all recoveries under this judgment shall be first applied to the other items of recovery hereunder before any of the proceeds shall be applied to the said item of $580 and interest, and that the institution of this action and/or this judgment, shall not constitute an election or bar to any other action in this or any other jurisdiction except to the extent that actual satisfaction may be obtained under this judgment.''

On August 22, 1933, the Stimpson Corporation appeared specially, and moved the court to vacate and set aside the judgment and to

''. . . quash the alleged or pretended service of summons and complaint upon said defendant, for the reason that said pretended service of summons conferred in the above entitled court no jurisdiction as to this defendant, and the court had no jurisdiction to enter such judgment.''

The Stimpson Computing Scale Co. also appeared specially on the same day, and moved the court to vacate and set aside the judgment ''for the reason that the court had no jurisdiction as to this defendant, and no jurisdiction to enter said judgment.''

The court entered an order, from which defendants appealed, overruling the motions.

Appellants contend that no jurisdiction over them was ''acquired through the attempted service of summons by publication.'' It is insisted that the garnishment proceedings were void by reason of respondent's failure to file a valid bond for garnishment. It is further urged that the judgment against the computing scale company is void, as the scale company was not a party to the action at the time the original writ of

garnishment was issued; and, though it was subsequently made a party and a new writ of garnishment was issued, no bond whatever was filed wherein the scale company was named as obligee.

While the judgment was by default, it is a final one, from which an appeal lies as from any other final judgment. *Oregon R. & N. Co. v. McCormick,* 46 Wash. 45, 89 Pac. 186. In *Rhode Island Mortgage, etc., Co. v. Spokane,* 19 Wash. 616, 53 Pac. 1104, we stated that the California act relating to appeals is substantially the same as ours, and subscribed to the following rule enunciated in *Hallock v. Jaudin,* 34 Cal. 167:

"As to the right of appeal, there is no distinction between judgments by default and judgments after issue joined and a trial. The former is as much a final judgment as the latter, and the statute gives a right to appeal from all final judgments without distinction. From this it follows that all errors disclosed by the record can be reviewed and corrected on an appeal from the former class of judgments as well as the latter. This is too plain for argument, and we do not hesitate to declare that all cases which are to the contrary are unsupported by any provision of the law by which the jurisdiction and practice of this court is regulated. To hold otherwise would be to create a distinction where the law has not, which we have no power to do."

The judgment in this cause was a final, appealable judgment, from which no appeal was taken. Appellant Stimpson Corporation may not successfully urge that the services of the summons and the writ of garnishment were insufficient, therefore the judgment based thereon is void. As to such a contention, we said in *State ex rel. Vincent v. Benson,* 21 Wash. 571, 58 Pac. 1066:

"In the present case it is not denied that the superior court has jurisdiction of the subject-matter of

the action, and can render a valid judgment, so far as the property garnished is concerned, if the services of the summons and the writ of garnishment are sufficient. The objection is that the court erred in adjudging these services sufficient, when in law they are insufficient. But, conceding this to be true, it is an error occurring in the progress of the cause leading up to a final judgment, which may be reviewed on an appeal from such final judgment.''

We have uniformly held that a motion to vacate a judgment does not affect a substantial right, if the errors complained of are errors of law occurring at the trial; that such errors can not be reviewed in a motion to vacate, and that, therefore, no substantial right could be invaded by a denial of the motion.

''In *Dickson v. Matheson,* 12 Wash. 196, 40 Pac. 725, it was decided that error of law committed by the court could not be corrected by petition to vacate the judgment, when no fraud had been practiced upon the court, but that such error must be reached by appeal. This case was followed and the doctrine reiterated in *Greene v. Williams,* 13 Wash. 674, 43 Pac. 938, where it was said:

'' 'The right to the relief prayed for in said petition is based entirely upon the record, and it does not appear from an inspection of said petition that any reason existed for granting the same that was not considered by the court and which did not exist at the time when the previous order of the court denying the confirmation of the sheriff's sale was made. We think that the petition was wholly insufficient, under § 1393, Code Proc., which authorizes the court ''in which a judgment has been rendered, or by which or the judge of which a final order has been made, . . . to vacate and modify such judgment or order.'' ' To the same effect is *Burnham v. Spokane Mercantile Co.,* 18 Wash. 207, 51 Pac. 363, and *State ex rel. Grady v. Lockhart,* 18 Wash. 531, 52 Pac. 315.

''In *Roberts v. Shelton, etc., R. Co.,* 21 Wash. 427, 58 Pac. 576, it was held that the motion to vacate and

modify a judgment was in the nature of an independent action and that questions which have been passed upon by the court in the original proceeding could not be reviewed on a petition to vacate, and could only be reviewed on a regular appeal from a judgment. This exact question was before this court in *Kuhn v. Mason,* 24 Wash. 94, 64 Pac. 182, where it was held that Bal. Code, § 5153 (P. C., § 1033), which authorizes a court to vacate or modify its judgment after the term at which it was rendered, for irregularity in obtaining the judgment or order, does not contemplate that errors of law committed by the court may be corrected by motion to vacate, since the proper remedy in case of such errors is an appeal from the judgment; reaffirming the doctrine of *Dickson v. Matheson, supra,* and citing Black on Judgments, § 329, where the author says:

" 'It is not intended to be used as a means for the court to review and revise its own final judgments, or to correct any errors of law into which it may have fallen. That a judgment is erroneous as a matter of law is ground for an appeal, writ of error, or certiorari, according to the case, but it is no ground for setting aside the judgment on motion.' " *Sound Investment Co. v. Fairhaven Land Co.,* 45 Wash. 262, 88 Pac. 198.

In *State v. Tenney,* 63 Wash. 486, 115 Pac. 1080, we dismissed an appeal from an order denying a motion to vacate a judgment on the ground that the court was without jurisdiction to render such judgment because of the unconstitutionality of the statute under which the judgment was rendered. We said:

"It seems too clear to admit of argument to the contrary that this is not an appeal from the final judgment rendered upon the verdict; but is an attempted appeal from the order denying the motion to vacate the judgment. This court has held, in harmony with the rule elsewhere, that such an order is not appealable for the purpose of reviewing errors committed by the trial court affecting the correctness of the judgment sought to be vacated.

"In *Sound Investment Co. v. Fairhaven Land Co.,*

45 Wash. 262, 88 Pac. 198, this question was critically examined in the light of the court's previous decisions, where at page 263 the court said:

" 'It has been the uniform ruling of this court that a motion to vacate a judgment does not affect a substantial right, if the errors complained of are errors of law occurring at the trial; that such errors cannot be reviewed in a motion to vacate, and that, therefore, no substantial right could be invaded by a denial of the motion.'

"To permit an appeal from such an order would in effect enable a losing party to extend the statutory time for taking an appeal to review errors occurring in the cause in which the judgment is rendered."

So far as appellant Stimpson Corporation is concerned, an inspection of the judgment does not disclose invalidity. The recitals in a judgment of jurisdictional facts sufficient to give the court jurisdiction to pronounce the judgment, foreclose any question as to the jurisdiction of the court to render the judgment which was rendered.

The judgment in the case at bar recites:

". . . the defendant, Stimpson Corporation having been duly and regularly served by publication of summons, proof of such service being on file . . . and that the court has jurisdiction over the property held by the garnishee defendant . . ."

That is to say, the judgment itself recites jurisdiction, and the presumption of jurisdiction continues to obtain until overcome by an affirmative showing in the record. As argued by counsel for respondent:

"It is not sufficient to overcome it that there may be deficiencies or irregularities in the record which do not negative the jurisdiction."

In *Nolan v. Arnot*, 36 Wash. 101, 78 Pac. 463, we said:

"The judgment which was vacated recites in specific terms that the notice and summons in said suit was

regularly and duly served on the defendant, as the law in such cases required, with the other findings sufficient to show jurisdiction in the court to render the judgment which was rendered. It has been the uniform holding of this court that the recitation in a judgment of jurisdictional facts, sufficient to give the court jurisdiction to pronounce the judgment, is proof of such jurisdiction. In *Ballard v. Way,* 34 Wash. 116, 74 Pac. 1067, it was held that, 'where the judgment of a superior court recites, "the notice and summons . . . was regularly and duly served on the . . . defendants as the law in such cases requires," a presumption of jurisdiction of the person is raised, which is not overcome by the fact that the record otherwise shows no service of process, or by proof that defendant was a domestic corporation, whose officers were residents of the county, so that personal service would be requisite;' citing *Belles v. Miller,* 10 Wash. 259, 38 Pac. 1050; *State ex rel. State Ins. Co. v. Superior Court,* 14 Wash. 203, 44 Pac. 131; *State ex rel. Boyle v. Superior Court,* 19 Wash. 128, 52 Pac. 1013, 67 Am. St. 724; *Kalb v. Germ. Sav. etc. Soc.,* 25 Wash. 349, 65 Pac. 559, 87 Am. St. 757; *Peyton v. Peyton,* 28 Wash. 278, 68 Pac. 757; and *Noerdlinger v. Huff,* 31 Wash. 360, 72 Pac. 73. It was said in that case that eminent authority had decided this question the other way, but that, in view of what this court deemed the weight of authority and the better reasoning, such had been its uniform holdings, and with such holdings this court was satisfied to abide. The same doctrine was announced in *Taylor v. Huntington,* 34 Wash. 455, 75 Pac. 1104.

"The court, appearing by the recitals of the judgment to have had jurisdiction of the cause at the time of the trial sufficient to render the judgment which was rendered, we think erred in vacating the judgment."

If the court erred in adjudging the bond sufficient to support the two writs of garnishment, and also erroneously adjudged the service upon the Stimpson Corporation sufficient, such, if errors, were errors occurring in the cause leading up to a final judgment, and

are reviewable on appeal only from the final judgment; not on an appeal from an order denying motion for vacation of the judgment. The conclusion that the court reached, in rendering judgment, that it had jurisdiction, is conclusive, in view of the fact that a motion to vacate is not a revisory or review proceeding.

That the Stimpson Computing Scale Co. was not a party to the garnishment proceeding, is of no avail to appellants. The objection that all proper parties were not before the court in the garnishment proceeding can not be successfully made now. The judgment in the garnishment proceeding binds both appellants; they were in privity. Respondent alleged and proved, and the court found (no statement of facts has been brought to this court) and adjudged, that the property in question was the joint property of the two appellants, who were jointly indebted on contract to respondent. In fact, the court found that one corporation was the *alter ego* of the other corporation. That service of process was not had upon the scale company is of no moment. The judgment is bottomed on Rem. Rev. Stat., § 236, reading as follows:

"When the action is against two or more defendants and the summons is served on one or more but not on all of them, the plaintiff may proceed as follows:—

"(1) If the action is against the defendants jointly indebted upon a contract, he may proceed against the defendants served unless the court otherwise directs; and if he recovers judgment it may be entered against all the defendants thus jointly indebted so far only as it may be enforced against the joint property of all and the separate property of the defendants served; . . ."

The judgment is against both appellants jointly indebted on contract, which is enforcible against the joint property of both and against the separate property of

418

the appellant served. Under this statutory provision (Rem. Rev. Stat., § 236), in an action against defendants jointly indebted upon a contract, we held, in *Livingstone v. Lovgren,* 27 Wash. 102, 67 Pac. 599, that plaintiff may proceed against the defendants served and have judgment entered against all of the defendants jointly indebted, "so far only as it may be enforced against the joint property of all and the separate property of the defendant served."

It is unnecessary to discuss the question of the sufficiency of each appellant's motion to present the statutory grounds for vacation of the judgment. The order overruling the motions to vacate the judgment should be, and it is, affirmed.

BEALS, C. J., MAIN, STEINERT, and MITCHELL, JJ., concur.

[1] Reported in 31 P. (2d) 1018.