[No. 5024.  Decided July 15, 1904.]

N. McInnes, *Respondent,* v. H. Sutton, *Appellant.*[1]

Appeal—Waiver of Error—Motion for New Trial a Waiver of Motion for Judgment. Where a defendant against whom a verdict is rendered moves for judgment in his favor upon a special verdict, and also moves for a new trial, and the motion for judgment is denied, and that for a new trial is granted, the granting of the new trial determines any rights of the defendant on his motion for judgment, since he did not stand thereon.

Attorney and Client — Removal of Attorney — Voluntary Withdrawal—Notice—Continuance.  Bal. Code, § 4771, providing for twenty days' notice of further proceedings upon the death or removal of a party's attorney, does not apply to a voluntary

1Reported in 77 Pac. 736.

withdrawal by the attorney, since a twenty days' delay could thereby be secured by collusion.

SAME—WITHDRAWAL AS GROUND FOR CONTINUANCE. When a case is regularly set for trial, the voluntary withdrawal of defendant's attorney is not ground for a continuance, and a judgment entered after hearing plaintiff's evidence is not irregularly entered, where no leave of court was obtained for such withdrawal, since the relation of attorney and client cannot be so severed as to affect the rights of others or to secure a delay of the trial.

APPEAL—REVIEW—JUDGMENT—VACATION—ERROR OF LAW. Error of law cannot be corrected upon a petition to vacate a judgment, but only by an appeal from the judgment.

Appeal from a judgment of the superior court for King county, Morris, J., entered June 16, 1903, upon findings in favor of the plaintiff, after a hearing before the court without a jury, dismissing a petition to vacate a judgment. Affirmed.

*H. E. Foster,* for appellant.

*Humes, Miller & Lysons* and *Ralph Simon,* for respondent.

HADLEY, J.—Respondent brought suit for damages against appellant, and charged wanton injury and destruction of property of the respondent. Issue was formed, a trial was had, and a verdict returned against appellant. With the general verdict, a special one was returned by way of answer to submitted interrogatories. The defendant moved for a new trial, and also moved for judgment in his favor on the special findings of the jury. The latter motion was denied, but the motion for new trial was granted. The cause came on for trial a second time in pursuance of regular assignment, the plaintiff with his witnesses being present in court and ready for trial. At that time counsel who then represented the defendant applied to the court for a continuance, but made no showing

by way of affidavit or otherwise. The request was denied, and said counsel then sought to withdraw from the case, by announcing his withdrawal, and by serving upon the plaintiff, and filing with the clerk of the court, a notice thereof, and by refusing to proceed with, or participate in, the trial. The court, however, proceeded with the trial. A jury was impaneled, and the plaintiff's evidence submitted. A verdict was returned in favor of the plaintiff.

Before judgment was entered upon the verdict, the defendant appeared by other counsel, being the same who now represents him in this court. Said counsel filed in the cause what he designated as a "protest against the signing or entering of judgment," in which he recited the facts about the attempted withdrawal of former counsel, and stated that the defendant had no knowledge that the cause was to be called for trial at the time it was called, and did not know that his said attorney intended to withdraw from the case. The paper filed also states that the defendant was neither present nor represented by counsel at the trial. The court heard counsel upon the matters suggested by the paper filed in the record, and, after duly considering the same, denied the protest against entering judgment. Judgment was thereupon signed in accordance with the verdict, on the 22d day of May, 1903, and the same was filed June 16, 1903. Afterwards, on the 3d day of July, 1903, the defendant filed a petition to vacate the judgment, claiming that it had been irregularly entered, because of the facts concerning the attempted withdrawal of counsel, which are again recited in the petition. The petition also avers that the defendant has a good defense, as shown by his answer, that the plaintiff has no right of action, and that the complaint is insufficient to sustain a judgment. It is also alleged that the defendant is entitled to a judgment in his favor on the special find-

ings of the jury heretofore mentioned. The court denied
the petition to vacate, and the defendant has appealed.

We think the claim that the judgment was irregularly
entered is not well taken. The complaint undoubtedly
states a cause of action, and is sufficient to sustain the
judgment. It recites a plain, wanton, and malicious re-
moval, injury, and destruction of respondent's property.
Referring to the point that the appellant was entitled to
judgment upon the special findings of the jury, it will be
remembered that those findings were returned at the first
trial. Appellant both moved for judgment upon the find-
ings, and for a new trial, evidently intending the motions
filed under the same cover to be in the alternative. With
the granting of the motion for a new trial, the other motion
was of course denied, and any rights of appellant under
the motion for judgment were effectively determined by
the granting of the other motion. Having asked for a
new trial, he was not in position to complain, since he did
not stand upon his motion for judgment. The final judg-
ment entered is therefore not irregular by reason of the
denial of judgment upon the special findings.

If any element of irregularity attended the entry of
the judgment, it must, therefore, have been through the
attempted withdrawal of counsel. The statutory method
for effecting withdrawal of counsel is found in § 4771,
Bal. Code, as follows:

"When an attorney dies, or is removed or suspended, or
ceases to act as such, a party to an action for whom he
was acting as attorney must, at least twenty days before
any further proceedings against him, be required by the
adverse party, by written notice, to appoint another at-
torney, or to appear in person."

It seems to be appellant's view that the withdrawal was
complete when his counsel announced in open court, after

the case was called for trial, and when a mere request for continuance was denied, that he would withdraw from the case, and followed this by then serving upon respondent a written notice to that effect. We do not think the terms of the above quoted section relate to a mere voluntary refusal to proceed with a case when it is regularly called for trial, and the adversary is prepared with his witnesses to proceed. If such were the meaning of the statute, it could, by collusion between attorney and client, easily be used as a means for effecting at least a twenty days' delay, which, in some instances, might amount to a practical denial of justice. The relation of attorney and client, when once established in a case, is not to be so easily severed, when the rights of others depend thereon. The interdependent relation is such that what is the client's duty is often the attorney's duty, and the client cannot escape his obligation to the court and to his adversary to proceed with a trial, for the mere reason that his duly appointed confidential agent—his attorney—may have declined to act.

In *Coon v. Plymouth Plank Road Co.,* 32 Mich. 248, 250, the supreme court of Michigan, speaking of a statute in all essential respects like our own, said:

"We do not understand this to apply to a case where a practicing attorney for any reason declines to go on with a particular case while still continuing in practice. It might be made the means of serious mischief, if it could have such a construction. The plain meaning of the statute is to provide for cases in which the attorney or solicitor, by reason of death, disability, or other cause, has ceased to practice in the court. His refusal to proceed in a particular case is not ceasing to 'act as such' attorney or solicitor; it does not even disconnect him with the case; for that can only be accomplished by consent of the parties, or of the court, or by regular proceedings for the substitution of another."

Again, the supreme court of Maryland, in *Henck v. Todhunter*, 7 Har. & J. (Md.) 275, 16 Am. Dec. 300, when speaking of striking the name of an attorney of record, said:

"When, therefore, an attorney on the record applies for permission to cause his name to be stricken out, it is presumed to be done at the instance and by the authority of the party for whom his appearance has been entered. But it will never be permitted to a party, or his attorney, to obtain a continuance of a cause beyond the time allowed him by law, by striking out the attorney's appearance at the term at which the cause stands for trial; otherwise, by collusion between client and attorney, the trial of a cause might be delayed without limit. Hence, though the court will, on application, permit the attorney's name to be stricken out, considering him as acting on that very application as the attorney, and at the instance of the party, yet it will not be done to the prejudice of the other party, and the cause will be made to progress as if the appearance had not been stricken out."

In *Rio Grande Irrigation Co. v. Gildersleeve*, 174 U. S. 603, 19 Sup. Ct. 761, 43 L. Ed. 1103, it was held that, when a defendant, who has been served with process, causes an appearance to be entered by an attorney, and the latter subsequently withdraws his appearance but without obtaining leave of court, the record is left in a condition in which a judgment by default may be entered. To the effect that a voluntary withdrawal is not effective without leave of court, see, 3 Am. & Eng. Ency. Law (2 ed.), 410. The following case, cited in support of the above mentioned text, we especially note as being in point: *United States v. Curry*, 6 How. 106, 12 L. Ed. 363.

No leave of court was given in the case at bar, and, under the above authorities, appellant could not delay the trial by reason of the then attempted withdrawal of his counsel. The trial, theerfore, proceeded regularly. The

protest against the judgment on the verdict was in effect an application for a new trial, and the ruling thereon amounted to a denial of the new trial.

The judgment having been regularly entered, it was not error to deny the petition to vacate. All matters of substance contained in the petition had already been passed upon by the court adversely to the petitioner, and it was therefore proper to dismiss the petition. *Friedman v. Manley*, 21 Wash. 675, 59 Pac. 490; *Greene v. Williams*, 13 Wash. 674, 43 Pac. 938. Mere errors of law cannot be corrected by a petition to vacate a judgment, but the remedy is by appeal from the judgment. *Kuhn v. Mason*, 24 Wash. 94, 64 Pac. 182.

The judgment is affirmed.

FULLERTON, C. J., and MOUNT, ANDERS, and DUNBAR, JJ., concur.