[No. 19318.   Department Two.   June 27, 1925.]

CHARLES Dow, *Respondent,* v. JENNIE Dow, *Appellant.*[1]

DIVORCE (45)—DECREE—VACATION OF DEFAULT—DISCRETION. It is not an abuse of discretion to refuse to vacate a decree of divorce, entered upon a default, where both parties were seeking a divorce, and the excuse for defendant's non-appearance was weak and the court exercised its discretion in determining whether an injustice had been done.

Appeal from an order of the superior court for King county, Douglas, J., entered February 6, 1925, denying an application to vacate a decree of divorce, after a hearing before the court. Affirmed.

*H. E. Foster,* for appellant.
*James Kiefer,* for respondent.

MACKINTOSH, J.—This appeal arises out of a divorce action begun by the respondent, service of the complaint having been made upon the appellant, who made no appearance within the required time, against whom an order of default was taken, and based upon this an interlocutory decree of divorce was entered. Thereafter the appellant filed an application for an order to show cause why the default and the interlocutory decree should not be vacated, and asking permission to file an answer and cross-complaint denying the allegations of the respondent's complaint and asking a divorce on her own behalf. Upon the return of the show cause order, the setting aside of the default and the interlocutory decree were denied.

While it is true that courts adhere to the policy, especially in divorce actions, of vacating defaults and opening judgments upon what sometimes are rather vague showings, in order that the defaulted party may

[1]Reported in 237 Pac. 304.

fully exhibit his case, yet to secure the opening of such defaults there must be some evidence showing that an injustice has been perpetrated, and in determining the effect of such evidence the trial court exercises a discretion.

In the instant case, an examination of the record shows that the parties to this action were, at the time of the marriage, advanced in years; that both parties are seeking a divorce, and the excuse for the non-appearance of the appellant was so weak that the trial court clearly was guilty of no abuse of discretion in allowing the default to stand.

For that reason the judgment is affirmed.

TOLMAN, C. J., MITCHELL, FULLERTON, and HOLCOMB, JJ., concur.