[No. 34522. Department Two. May 1, 1958.]

HENRY SKAARE, *Respondent*, v. ROSEMARY PAT SKAARE, *Appellant.*[1]

[1]Reported in 324 P. (2d) 815.

*Conner & Potter,* for appellant.

*J. Harold Anderson,* for respondent.

DONWORTH, J.—This appeal is prosecuted from a certain judgment entered by the superior court of Chelan county on October 2, 1957, wherein and whereby (as stated in the defendant's notice of appeal):

" . . . the plaintiff was given judgment against the defendant in the sum of Two Thousand Eight Hundred Seven and 90/100 (2807.90) and the defendant was committed to the Chelan County Jail for 90 days for contempt of court to be purged on payment of the above sum and from the judgment of the above entitled court over-ruling the defendant's motion to vacate judgment and denying her application for a new trial."

Appellant's single assignment of error, as stated in her brief, is "that the findings of fact entered in the motion to vacate judgment do not support the conclusions of law and the order overruling said motion."

The proceedings, which took place prior to the motion by appellant to vacate the judgment referred to (which was actually a decree of divorce entered July 2, 1957), may be briefly summarized as follows:

In January, 1957, respondent instituted a divorce action against appellant in Chelan county and served her with summons and complaint in King county (she then resided in Seattle and has ever since resided there). Appellant consulted a firm of Seattle attorneys, who referred her to a Wenatchee firm. It is not necessary to mention various pre-

trial motions and orders to show cause issued thereon. It is sufficient to state that, on or before May 20, 1957, appellant had served and filed an answer and a cross-complaint (signed by both firms of attorneys) seeking a divorce from respondent, and respondent had served and filed his answer to the cross-complaint.

On that date (the issues having been joined), respondent served on appellant's Wenatchee counsel notice that, on May 29, 1957, the case would be called for setting on the trial calendar. Appellant was promptly advised by letter from her Wenatchee counsel that respondent had moved to have the case set for trial.

On May 27th, the Wenatchee counsel mailed to appellant a copy of their notice of their withdrawal from the case (which was simultaneously mailed to respondent's counsel).

On May 29th, the court set the case for trial on July 1, 1957, and respondent's counsel wrote to both firms who had been representing appellant advising them that the case had been set for trial on July 1st.

On June 4th, respondent's counsel received a notice of withdrawal from appellant's Seattle counsel.

On July 1st, the case was tried. Because neither appellant nor any of her counsel were present, the trial judge called in a deputy prosecuting attorney to represent the public, as required by statute (RCW 26.08.080).

On July 2nd, an "order of default" and a decree of divorce (based on findings of fact and conclusions of law) granting respondent a divorce from appellant were entered by the trial court. No appeal was ever taken from this decree.

Parenthetically, the record indicates that one reason for appellant's nonappearance at the trial was that two days prior thereto she had mortgaged a Cadillac car for $2,906.88, in direct violation of a restraining order of which she had notice. Being in contempt of court, appellant apparently deemed it advisable to absent herself from the trial.

Subsequent to the entry of the decree, the trial judge died; and the proceedings now before us on this appeal were heard by his successor.

On August 20, 1957, appellant filed her motion to vacate the divorce decree of July 2, 1957. She therein referred to the divorce decree as a default judgment. Actually, since the trial court, in the present proceeding, found that appellant had received notice from her attorneys on or before May 31st that respondent had moved to have the cause set for trial, there was no "default" judgment entered on July 2, 1957.

What had happened was that appellant, notwithstanding her knowledge that her husband had in May asked the court for a trial date, made no effort to ascertain when, or whether, the date of trial had been fixed, nor did she, prior to July 1st, consult new counsel, although she had been notified by her former counsel, on or before May 31st, that they had withdrawn from the case.

■ As above stated, the case was fully at issue and ready to be tried on May 20, 1957. Neither party was in default either then or on July 1, 1957, when the case was called for trial. On the latter date, appellant either willfully or negligently failed to appear in court personally or by counsel. Her failure to so appear and participate in the divorce trial did not prevent the court from proceeding with the trial, because neither party was in default. Therefore, the court was fully justified in hearing respondent's evidence and deciding the case in the usual manner.

Appellant cites two of our decisions relating to default judgments: *Paine-Gallucci, Inc. v. Anderson,* 35 Wn. (2d) 312, 212 P. (2d) 805 (1949) (where a judgment was entered without taking any evidence), and *Tiffin v. Hendricks,* 44 Wn. (2d) 837, 271 P. (2d) 683 (1954) (where counsel for the judgment debtor had entered a notice of appearance for him before the counsel withdrew from the case). Neither of these cases is applicable to a case like the one before us, which was at issue and ready for trial when it was tried in the absence of a party who had neglected her interests entirely.

■ Upon argument in this court, appellant called our attention to RCW 2.44.060, which provides:

"When an attorney dies, or is removed, or suspended, or ceases to act as such, a party to an action for whom he was acting as attorney, must, at least twenty days before any further proceedings against him, be required by the adverse party, by written notice, to appoint another attorney, or to appear in person."

In *McInnes v. Sutton,* 35 Wash. 384, 77 Pac. 736, we held that this statute does not apply to a voluntary withdrawal by an attorney such as occurred in the case at bar. We think that the statute was correctly construed in the cited case.

■■ After a careful examination of the record, we are of the opinion that the findings of fact (to which no exception has been taken) fully support the trial court's conclusion of law and order denying appellant's motion for an order vacating the decree of divorce. Furthermore, both parties were seeking a divorce, and appellant will not be heard to claim that the trial court erred in granting a divorce to her husband instead of to her because, if there was error in this regard, it was not prejudicial. *Akins v. Akins,* 51 Wn. (2d) 887, 322 P. (2d) 872.

Even if appellant *had* been in default when the divorce case was tried, we should be reluctant to hold that, under the circumstances shown in this case, the trial court had abused its discretion in refusing to vacate the decree. See *Dow v. Dow,* 135 Wash. 188, 237 Pac. 304.

The order appealed from is affirmed.

HILL, C. J., WEAVER, ROSELLINI, and FOSTER, JJ., concur.