[No. 39365.    Department Two.    October 24, 1968.]

CECIL ODOM et al., *Respondents*, v. TOM WILLIAMS,
*Appellant.**

*Garver & Garver*, by *Robert W. Garver*, for appellant.

*Ted Kolbaba*, for respondents.

*Reported in 446 P.2d 335.

HAMILTON, J.—This is an appeal from a judgment entered upon a jury verdict for plaintiffs in their action for malicious prosecution.

The plaintiffs, Cecil and Lorraine Odom, were involved in a dispute with defendant, Tom Williams, over a contract for supplying domestic water. After civil litigation, which was resolved in plaintiffs' favor, defendant entered upon plaintiffs' property where a confrontation between plaintiff Lorraine Odom and defendant occurred. It was this confrontation which caused defendant to swear out a criminal complaint against Mrs. Odom which in turn led to the institution of this suit for malicious prosecution.

The criminal complaint signed by defendant on February 14, 1964, recited that on January 5, 1964,

Lorraine Odom . . . did unlawfully commit an assault upon complainant, Tom Williams, in that defendant did unlawfully point at complainant a firearm and threaten him . . . .

Mrs. Odom was arrested, posted bail, and appeared for trial. The transcript of judgment, certified by Judge Mozart C. Burles, Justice of the Peace for the Bingen Precinct of Klickitat County, recites the disposition as follows:

[T]hat this matter came to trial before this court on April 20, 1964, court called into session and Lorraine Odom entered a plea of not guilty,.plaintiff [sic], Tom Williams refused to give testimony or have any part of proceedings, being very abusive to court and as noted in docket was threatened with contempt of court citation.
Case was adjudged dismissed.

On August 8, 1964, plaintiffs instituted the instant action. Defendant through present counsel served a notice of appearance. Considerable delay thereafter ensued. Plaintiffs' initial counsel moved from the area and they acquired different counsel. An amended complaint was filed and defendant responded with his answer on August 16, 1965. A jury trial was demanded and the cause was noted for setting and trial was scheduled to commence in January, 1966. The local superior court judge disqualified himself and re-

quested a judge from a neighboring county to hear the case. Defendant shortly before the scheduled trial date moved for a change of venue. This motion was argued before the visiting judge and denied. Defendant unsuccessfully sought review of that denial before this court. In the meantime, the January 1966, trial date was vacated. Thereafter, the cause was rescheduled for trial on May 16, 1966. An affidavit of prejudice against the visiting judge was then filed by defendant, and this court, through the office of the Court Administrator, assigned Superior Court Judge Edward E. Henry of King County to try the cause.

On May 16, 1966, court convened with Judge Henry, the jury panel, plaintiffs, their witnesses, their counsel, and defendant's counsel present. The defendant was not present. At this time defendant's counsel orally moved for a continuance, predicated in part upon a claim, supported by a letter from a physician, that defendant was in ill health and unable to safely participate in a "long or suspenseful court trial." The motion was argued, denied and a short recess declared.

When court reconvened defendant's counsel was not present. When he did not soon appear a recess was declared until after the lunch hour. During the interval of this second recess defendant's counsel was located, and the defendant personally, though unsuccessfully, sought an ex parte audience with the trial judge. When court subsequently reconvened defendant's counsel appeared, explained his earlier absence and renewed his motion for a continuance. Again defendant did not deem it necessary to appear. Upon the motion for continuance being denied for the second time, defendant's counsel expressed a desire that he be allowed to withdraw from further participation in the trial. He then left the courtroom. A jury was thereafter empaneled and the trial proceeded with neither defendant nor his counsel present. At the conclusion of plaintiffs' evidence the jury was instructed upon the law, retired, and returned with a verdict in favor of plaintiffs.

Defendant's counsel timely moved for a new trial. The motion was denied and judgment entered upon the verdict.

On appeal defendant, through his counsel, first assigns error to the denial of his oral motion for continuance. We find no merit in this claim of error.

■ In the first place, defendant did not comply with RCW 4.44.040, requiring *inter alia* that a motion for continuance predicated upon the absence of evidence be supported by affidavits. *Northern State Constr. Co. v. Banchero,* 63 Wn.2d 245, 386 P.2d 625 (1963). Neither defendant nor his counsel filed or served any timely written motion or affidavit. Aside from this, however, and proceeding upon the basis that a motion for continuance, premised upon the inability of a party litigant to attend the trial of his action because of a bona fide illness, deserves liberal consideration (*Chamberlin v. Chamberlin,* 44 Wn.2d 689, 270 P.2d 464, 68 A.L.R.2d 457 (1954)), we are still of the view that the trial court did not abuse its discretion in denying the motion.

■ The action had been pending since August, 1964. All parties were aware that it would have to be tried before a visiting judge and that a jury had been demanded. Much of the difficulty in ultimately scheduling and getting the matter promptly to trial was attributable to defendant's intervening motion for change of venue and his affidavit of prejudice against the first visiting judge. All parties were aware that a second visiting judge would have to be assigned, this time from a more distant county. The unverified letter from the physician, upon which defendant premises his claim of inability to attend the trial, indicates his asserted condition of ill health arose shortly after the January trial date and antedated the ultimate trial date for a considerable period of time. And, the physician premised his reservations upon the assumption that the trial would be a "long or suspenseful" one. Moreover this letter and its purport was not served upon or communicated to opposing counsel until the morning of trial, although it was dated 5 days before the trial date and mailed to the county clerk with a copy to defendant's counsel. Finally, although

defendant was apparently in the vicinity of the courthouse, he voluntarily refrained from appearing in the courtroom at any point in the trial proceedings.

Against the background of these circumstances and facts, defendant's belated "morning of the trial" motion for continuance and his deliberate absence from the proceedings bespeaks neither due diligence nor good faith. To have granted the untimely motion would have worked an unjustified hardship on plaintiffs and their witnesses, entailed unnecessary inconvenience to the visiting trial judge and the assembled panel of jurors, incurred unwarranted expense to the state and county, and added unpredictable further delay to an already overly extended proceeding. The trial judge before passing upon the motion, and with an eye to the physician's concern about a "long or suspenseful" trial, ascertained from counsel that the trial would not be a protracted or difficult one. He also ascertained that defendant's counsel could make no firm prediction when his client would be available for a trial in the future. We are satisfied the trial judge carefully exercised his discretion in considering the defendant's motion and did not abuse that discretion in denying the motion. *Cf. Conner v. Zanuzoski,* 36 Wn.2d 458, 218 P.2d 879 (1950), and *McInnes v. Sutton,* 35 Wash. 384, 77 Pac. 736 (1904).

Next, defendant challenges the sufficiency of plaintiffs' evidence to establish a cause of action for malicious prosecution.

■ We pointed out in *Robertson v. Bell,* 57 Wn.2d 505, 358 P.2d 149 (1961), at 509 that:

> To maintain an action for malicious prosecution, the plaintiff must allege and prove (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution. *Peasley v. Puget*

*Sound Tug & Barge Co.*, 13 Wn. (2d) 485, 125 P. (2d) 681, and authorities cited therein.

We have reviewed the evidence submitted and find it ample to sustain a finding on each of the required elements.

■■ There can be no doubt from the documentary evidence adduced that defendant instituted the criminal complaint and action against Mrs. Odom in question. Neither is there any doubt from the records of the court in which the criminal action was instituted that it terminated in favor of Mrs. Odom or was abandoned by defendant. From this latter fact, the element of want of probable cause prima facie arises. *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wn.2d 485, 125 P.2d 681 (1942). The element of malice is supported directly and inferentially by testimony to the effect that the defendant stated in the presence of witnesses that he intended to run the Odoms out of the country by any means he could. And, lastly, the evidence fairly indicates that the Odoms suffered pecuniary damages, as well as mental and emotional distress, as a direct result of defendant's action. These items of damage are all recoverable where the alleged wrong occasioning them is willful and malicious rather than simply a negligent wrong. *Christensen v. Swedish Hosp.*, 59 Wn.2d 545, 368 P.2d 897 (1962); *Gadbury v. Bleitz*, 133 Wash. 134, 233 Pac. 299, 44 A.L.R. 425 (1925).

We find no merit in defendant's challenge to the sufficiency of the evidence, nor do we perceive any passion and prejudice on the part of the jury in fixing the amount of damages.

The remainder of defendant's assignments of error go to the admission of certain evidence and to the failure of the trial court to give certain instructions to the jury.

■ Of course, with both defendant and his counsel absent during the entire course of the trial, no timely objections, proposals or exceptions were made to the evidence offered and admitted or to the instructions submitted and given by the trial court. It can hardly be gainsaid that a party litigant who, together with his counsel, voluntarily and delib-

erately refrains from attending upon the trial of the party litigant's cause does so at the litigant's peril. Perforce, such a litigant should stand in no better position, absent capricious or flagrant error amounting to constitutional infringement, to challenge, for the first time on appeal, the admissibility of evidence or the propriety of jury instructions than a litigant who, though present and represented at his trial, interposes no objections to the evidence proffered by his opponent, proposes no instructions, or takes no exceptions to the instructions as given. To hold otherwise would place a premium upon the voluntary absence of a party and his counsel from the trial of a cause and require a search for error and a virtual retrial on appeal. This we are unwilling to do.

Being shown no capricious or flagrant error, tantamount to an infringement upon defendant's constitutional rights, in the testimony admitted or in the instructions as given, we discern no merit in these assignments of error. On the contrary, the record reveals that counsel for the plaintiffs and the trial judge proceeded with commendable caution in proffering and admitting evidence and in instructing the jury under the circumstances prevailing.

The judgment is affirmed.

FINLEY, C. J., HILL, HUNTER, and NEILL, JJ., concur.