872 F.2d 427
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Nina Marie FIREY, Plaintiff-Appellant,
v.
STATE OF WASHINGTON; King County of Washington; Local
Union No. 77 of the International Brotherhood of Electrical
Workers; and Washington State Bar Association, City of
Seattle, Defendants-Appellees.
 
 1
 No. 88-3704.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted March 8, 1989.
Decided March 10, 1989.
 
 3
 Before EUGENE A. WRIGHT and ALARCON, Circuit Judges, and EDWARD RAFEEDIE,* District Judge.
 
 
 4
 MEMORANDUM**
 
 
 5
 Nina Firey, appealing pro se, challenges the district court's dismissal of her civil rights complaint in favor of four defendants and grant of summary judgment in favor of a fifth. We affirm.[1]
 
 FACTS
 
 6
 Firey worked for Seattle City Light from April 1978 to November 1982. During most of that period, she was a member of Local 77 of the International Brotherhood of Electrical Workers.
 
 
 7
 After her resignation, she was convicted of theft in Seattle Municipal Court. In 1983 she sued the City of Seattle in Superior Court asserting discrimination and state law tort claims. In February 1984 that court dismissed her suit with prejudice for failure to comply with its discovery order. The state Court of Appeals dismissed her appeal in July 1985.
 
 
 8
 One year later Firey filed a complaint pro se in federal court. She alleged claims under 42 U.S.C. Sec. 1983 and other federal and state laws against the City of Seattle (City), the State of Washington (State), King County (County), the Washington State Bar Association (WSBA) and the Union. The previous state court proceedings and related matters formed the basis for most of her claims.
 
 
 9
 The district court dismissed the complaint against all defendants, except the City, for failure to state a claim. It granted Firey leave to amend her complaint against the City, but later granted summary judgment in the City's favor.
 
 DISCUSSION
 I. Dismissal for Failure to State a Claim
 
 10
 Firey argues that the court erred in dismissing four defendants based on immunity and failure to state a claim. We reject that contention and adopt the reasoning of the court in its Order of March 5, 1987 (CR 69).
 
 
 11
 The State and County defendants are immune. The Eleventh Amendment bars her suit against State defendants. See Quern v. Jordan, 440 U.S. 332, 337-38 (1979); Rains v. State, 100 Wash.2d 660, 674 P.2d 165, 170 (1983). The court dismissed correctly the County because she failed to allege that an official governmental policy or custom caused her injuries. See Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978); Gobel v. Maricopa County, No. 87-2351, slip op. 1105, 1117 (9th Cir. Feb. 9, 1989). Judicial immunity bars her claims against any judge. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986).
 
 
 12
 We find that the court concluded correctly that her allegation against the WSBA does not support a constitutional claim. Any remedy available would arise from the Rules for Lawyer Discipline enforced by the Washington Supreme Court. That court has the sole authority to take disciplinary action against lawyers. See In re Washington State Bar Ass'n, 86 Wash.2d 624, 548 P.2d 310, 315-16 (1976); cf. Miller v. Washington State Bar Ass'n, 679 F.2d 1313, 1316 (9th Cir.1982) (lower federal courts will not review state court actions on lawyer discipline unless plaintiff mounts constitutional challenge to disciplinary sanctions imposed).
 
 
 13
 Even under the liberal standard for evaluating dismissal of a pro se action, we hold that the court concluded correctly that her vague and conclusory allegations against IBEW and Local 77 were insufficient to withstand dismissal. Further, the claims against the Union are barred by statutes of limitation.
 
 II. Summary Judgment for City of Seattle
 
 14
 We affirm the court's adoption of the Magistrate's Report and Recommendation (CR 96) that dismissal of Firey's suit in state court bars relitigation of job harassment and employment discrimination claims against the City. Her contention that res judicata does not apply because dismissal for failure to comply with a discovery order does not constitute an adjudication on the merits is not persuasive. Unless the court specifies otherwise, an involuntary dismissal operates as an adjudication on the merits and bars relitigation of the same action. Super.Ct.Civ.R. 41(b)(3); Wagner v. McDonald, 10 Wash.App. 213, 516 P.2d 1051, 1053-55 (1973).
 
 
 15
 Finally, we hold that she has failed to state any other claim against the City. Her conviction of theft forecloses a claim of malicious prosecution. See Odom v. Williams, 74 Wash.2d 714, 446 P.2d 335, 337-38 (1968). Her copyright infringement claim also fails. The court ruled correctly that the City's distribution of her allegedly copyrighted statement constituted "fair use" as a matter of law. See 17 U.S.C. Sec. 107 (1982). We adopt the reasoning in the Magistrate's Report and Recommendation (CR 171). Summary judgment was proper.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Of the Central District of California
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 **
 Of the Central District of California
 
 
 [1]
 We deny her motions to recuse all Ninth Circuit judges from this case and to strike defendants' briefs and supplemental excerpts of record