IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CHELAN COUNTY, a political subdivision of the State of Washington, | ) ) ) | No. 36348-1-III |
| Respondent, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| JEFFREY C. JONES, an individual, | ) ) | |
| Appellant. | ) | |

PENNELL, C.J. — Jeffrey Jones appeals a land use judgment, arguing the trial court improperly denied his motion for a continuance. We disagree and affirm.

FACTS

In 2013, Chelan County filed a code enforcement lawsuit against Jeffrey Jones. The County sought to compel Mr. Jones to disband an unlicensed recreational vehicle (RV) park he operated in Dryden, Washington. Primarily, the County alleged the RV park was inconsistent with local zoning codes. Mr. Jones denied the County's allegations and raised several defenses. After several years of litigation, and numerous changes of counsel, Mr. Jones's only remaining defense was that his operation of the RV park had been grandfathered in as a preexisting use.

The case was set for trial in late February 2018. In early February, the parties

agreed to a continuance based on unavailability of a county witness and Mr. Jones's

desire to hire a new lawyer. The parties agreed the trial "shall be [set] for a date

commencing after June 1, 2018, to be determined by the Court." Clerk's Papers (CP)

at 919.

In March 2018, the court set the trial for August 22 and 23, 2018. It notified the

parties by mail. However, the court erroneously sent Mr. Jones's notice to an outdated

address in Dryden, Washington.

In June 2018, the trial court sent Mr. Jones at least two additional notices of the

trial date. The final notice was mailed on June 28 to Mr. Jones's correct address in

Leavenworth, Washington, and was the only notice from the court sent to Mr. Jones's

correct address.

During the months prior to trial, the parties were engaged in settlement

negotiations. On July 2, the County mailed a proposed judgment to Mr. Jones at his

correct address. It included a cover letter reiterating the trial dates.

On August 13, the County personally delivered a second copy of the same

proposed judgment and cover letter to Mr. Jones. Later that day, Mr. Jones contacted the

County's attorney and indicated he would seek a continuance so he could get an attorney.

Mr. Jones was unable to retain counsel. On August 20—two days before trial—Mr. Jones filed a motion to continue. He claimed he had not received notice of the trial date and asked for a "2-3 month continuance" to find a lawyer. CP at 964. The County opposed his motion, arguing it already expended time and resources to bring witnesses to town for trial.

The court heard Mr. Jones's continuance motion on the morning of trial. Mr. Jones reiterated he had not received the trial-setting letter and did not get proper information from the clerk's office. He claimed he was "not getting other mail too and I've filed complaints with the postal service. I have a copy of one of the complaints with me." Report of Proceedings (Aug. 23, 2018) (RP) at 10-11. Mr. Jones argued that he needed additional time to retain an attorney and secure attendance of witnesses. Mr. Jones did not submit an affidavit explaining the witnesses' expected testimony or why he needed an extension to secure their presence.

The trial court denied Mr. Jones's continuance motion. It noted the June 28 letter was sent to the correct address, giving Mr. Jones ample notice of the August trial date. It also determined Mr. Jones had not demonstrated how his proposed witnesses would assist him at trial or that he would be able to find an attorney if the matter were rescheduled.

3

The case proceeded to a bench trial. The court found in the County's favor and entered a judgment enjoining Mr. Jones from operating the RV park. Mr. Jones brings this timely appeal, limited to the trial court's denial of his motion to continue.

ANALYSIS

We review a trial court's disposition of a continuance motion for an abuse of discretion. *Horne v. Aune*, 130 Wn. App. 183, 198, 121 P.3d 1227 (2005). "A court abuses its discretion when it bases its decision on untenable or unreasonable grounds." *Id*. at 199. We reverse only if no reasonable judge would have made the same decision. *State v. Vy Thang*, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002).

The generous nature of our standard of review compels respect for the trial court's decision. Three reasons are salient.

First, there are facts in the record from which the trial court could find that Mr. Jones was notified of the August 23 trial date by at least July 5, 2018. The June 28 letter from the court was sent to Mr. Jones's correct address. In addition, the July 2 letter from Chelan County provided additional notice of the trial date. Under Washington's civil rules, the service of both documents by mail was deemed complete three days after their mailing. CR 5(b)(2)(A). The court was not required to credit Mr. Jones's unsworn statement that he had not received notice. Rather, the trial court could properly find not

only that Mr. Jones was provided adequate notice of his trial date, but also that his motion to continue was untimely. CHELAN COUNTY SUPER. CT. LOCAL R. 7(b)(1)(C) (requiring motions to be made five days before trial); *Odom v. Williams*, 74 Wn.2d 714, 717-18, 446 P.2d 335 (1968) (no abuse of discretion to deny continuance filed on the morning of trial).

Second, Mr. Jones did not adequately support his claim that a continuance was necessary to obtain witness testimony. CR 40(e) (A continuance based on the need to procure evidence "shall only be made upon affidavit showing the materiality of the evidence . . . and that due diligence has been used to procure it.").

Finally, Mr. Jones did not provide the court with sufficient reason to believe that an additional continuance would have helped him secure counsel. The record indicates Mr. Jones has been represented by several attorneys over the course of his case and that he had been unsuccessfully seeking counsel since at least February 2018. During the August 2018 hearing, Mr. Jones summarized his efforts at seeking representation and asserted that he would likely "have to go out of town to get an attorney." RP at 13. Given this state of the record, the trial judge had no reason to believe a 2-3 month continuance would have made a difference in Mr. Jones's quest for representation.

No. 36348-1-III
*Chelan County v. Jones*

CONCLUSION

The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, J.

6